1  Steven P. Rice (State Bar No. 094321)
   srice@crowell.com
2  CROWELL & MORING LLP
   3 Park Plaza, 20th Floor
3  Irvine, California 92614
   Telephone:    (949) 263-8400
4  Facsimile:    (949) 263-8414

5  Theresa C. Lopez (State Bar No. 205338)
   tlopez@crowell.com
6  CROWELL & MORING LLP
   515 South Flower Street, 40th Floor
7  Los Angeles, California 90071
   Telephone:    (213) 622-4750
8  Facsimile:    (213) 622-2690

9  John Nadolenco (State Bar No. 181128)
   jnadolenco@mayerbrown.com
10 MAYER BROWN LLP
   350 South Grand Avenue, 25th Floor
11 Los Angeles, California 90071
   Telephone:    (213) 229-9500
12 Facsimile:    (213) 625-0248

13 Attorneys for Defendants
   AT&T Mobility and AT&T Inc.
14

15                **UNITED STATES DISTRICT COURT**

16                **NORTHERN DISTRICT OF CALIFORNIA**

17

| FREDRICK M. BLAU, et al., individually and on behalf of all others similarly situated, | Case No. CV 11-00541 CRB |
|---|---|
| Plaintiffs, | **NOTICE OF WITHDRAWAL OF DEFENDANT AT&T INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION** |
| v. | |
| AT&T MOBILITY, a Delaware corporation; AT&T INC., a Delaware corporation, | |
| Defendants. | |

24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

CROWELL
& MORING LLP
ATTORNEYS AT LAW

NOTICE OF WITHDRAWAL OF DEFENDANT AT&T INC.'S MOTION TO DISMISS FIRST AMENDED
COMPLAINT FOR LACK OF PERSONAL JURISDICTION; CASE NO. CV 11-00541 CRB

**PLEASE TAKE NOTICE** that defendant AT&T Inc. hereby withdraws its pending motion to dismiss the First Amended Complaint for lack of personal jurisdiction (Dkt. No. 36).

AT&T Inc. does not concede that this Court possesses personal jurisdiction over it. But because of the burdens that jurisdictional discovery and further briefing would impose on the Court and the parties—and because, for the reasons we discuss below, defendant AT&T Inc. is entitled to compel all plaintiffs to resolve their disputes with it in arbitration on an individual basis—AT&T Inc. has concluded that it would be more efficient to dispense with its personal jurisdiction motion.

As the Court is aware, defendant AT&T Mobility LLC ("ATTM") moved to compel arbitration of the disputes of plaintiffs Blau, Stern, and McElrath (Dkt. No. 38), and explained that defendant AT&T Inc. would likewise seek to invoke ATTM's arbitration agreement if the Court were to conclude that it has personal jurisdiction over AT&T Inc. In its October 21, 2011 Order (Dkt. No. 64), the Court indicated that it would defer ruling on whether ATTM and AT&T Inc. are entitled to compel arbitration until first addressing whether personal jurisdiction exists over defendant AT&T Inc. The Court also afforded plaintiffs an opportunity to undertake jurisdictional discovery. Subsequently, plaintiffs propounded discovery requests that—in our view—are excessive and overly burdensome. Rather than litigating over the propriety of those discovery requests—and thus further increasing the costs to both parties and the burdens on the Court—AT&T Inc. is withdrawing its personal jurisdiction motion.

Many courts have taken a similar approach, recognizing that when a defendant objects to both venue and personal jurisdiction, the interests of judicial economy are better served by addressing the venue objections rather than constitutional questions related to jurisdiction. *See, e.g.*, *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 589 (1991) (when determination of proper venue by enforcement of forum-selection clause would be dispositive, "we need not consider petitioner's constitutional argument as to personal jurisdiction"); *see also Corbello v. Devito*, 2008 WL 2097435, at *2 (E.D. Tex. May 19, 2008) ("where the venue issue renders the personal jurisdiction problem moot, thus avoiding the need to address constitutional questions, consideration of venue before personal jurisdiction is appropriate"). Here, AT&T Inc.'s

-1-

CROWELL & MORING LLP
ATTORNEYS AT LAW

NOTICE OF WITHDRAWAL OF DEFENDANT AT&T INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION; CASE NO. CV 11-00541 CRB

invocation of ATTM's arbitration agreement constitutes such an objection to venue based upon the parties' contractual choice of a non-judicial forum. *Cf. Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974) ("[a]n agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum-selection clause").

Indeed, another federal court recently has adopted a similar approach in a case involving AT&T Inc. In *Hancock v. American Telephone and Telegraph Co.*, 2011 WL 3628885 (W.D. Okla. Aug. 11, 2011)—which involved claims brought against AT&T Inc. and its subsidiaries—AT&T Inc. moved to dismiss for lack of personal jurisdiction and, in the alternative, joined in motions to compel arbitration and transfer venue filed by its subsidiaries. *Id*. at *2. The court resolved the arbitration and venue motions first in favor of AT&T Inc. and its affiliates, and because it "found the issues of venue and arbitration dispositive of the plaintiffs' claims against AT&T Inc.," declined to "consider[] this defendant's arguments regarding in personam jurisdiction, * * * or the plaintiffs' request that they be permitted to conduct discovery on jurisdictional issues." *Id*. at *2 n.7. Likewise, AT&T Inc.'s withdrawal of its personal jurisdiction motion clears a path for this Court to undertake a similar analysis here.

In addition, ATTM has recently learned that the fourth named plaintiff, Anthony Tran, is required to arbitrate his disputes as well. Specifically, a user of the account on which Tran obtains wireless service from ATTM recently accepted ATTM's terms of service—including its arbitration agreement—when purchasing new phones for use on the account. Because that agreement extends to all users of the account, Tran—like the other plaintiffs in this case—is obligated to resolve his disputes in arbitration. Thus, should Tran elect to file an amended complaint pursuant to the Court's October 28, 2011 Order (Dkt. No. 70), ATTM and AT&T Inc. intend to file a motion to compel him to arbitrate his claims.

/ / /

/ / /

/ / /

/ / /

/ / /

-2-

Accordingly, because all of the plaintiffs' disputes must be resolved in arbitration rather than in court, there is no need to burden the Court (or the parties) with considering AT&T Inc.'s personal jurisdiction motion further, and therefore AT&T Inc. hereby withdraws that motion.

DATED: November 28, 2011                     CROWELL & MORING LLP


By:   /s/ Theresa C. Lopez
      Steven P. Rice
      3 Park Plaza, 20th Floor
      Irvine, California 92614
      Telephone:    (949) 263-8400
      Facsimile:    (949) 263-8414

      Theresa C. Lopez
      515 South Flower Street, 40th Floor
      Los Angeles, California 90071
      Telephone:    (213) 622-4750
      Facsimile:    (213) 622-2690

      Donald M. Falk (CA Bar No. 150256)
      MAYER BROWN LLP
      Two Palo Alto Square, Suite 300
      3000 El Camino Real
      Palo Alto, CA  94306-2112
      Telephone:    (650) 331-2000
      Facsimile:    (650) 331-2060

      John Nadolenco (CA Bar No. 181128)
      MAYER BROWN LLP
      350 South Grand Avenue, 25th Floor
      Los Angeles, CA  90071-1503
      Telephone:    (213) 229-9500
      Facsimile:    (213) 625-0248

      Attorneys for Defendants
      AT&T Mobility LLC and AT&T Inc.

Of Counsel:

Andrew J. Pincus
Evan M. Tager
Archis A. Parasharami
Kevin Ranlett
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone:    (202) 263-3000
Facsimile:    (202) 263-3300

-3-

NOTICE OF WITHDRAWAL OF DEFENDANT AT&T INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION; CASE NO. CV 11-00541 CRB

CROWELL & MORING LLP
ATTORNEYS AT LAW