Lenza H. McElrath III (SBN 245721)
3637 18th St. #2
San Francisco, CA 94110
Telephone: 216.920.1997
Fax: 510.550.7820
Email: lenza@lenzalaw.com
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## Northern District of California
## San Francisco Division

Fredrick M. Blau,
Jacob R. Stern,
Anthony P. Tran,
and
Lenza H. McElrath III,

individually, and on behalf of all others similarly situated,

                Plaintiffs,

vs.

AT&T Mobility,
a Delaware corporation,
1025 Lenox Park Blvd.
Atlanta, Georgia 30319-5309,

and

AT&T, Inc.,
a Delaware corporation
208 S. Akard Street
Dallas, Texas 75202,

                Defendants.

Case No. C 11-00541 CRB

**Plaintiffs' Supplemental Brief in Opposition to AT&T Inc.'s Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction**

Case No.: C 11-00541 CRB

Plaintiffs' Supp. Brief in Opp. To AT&T Inc.'s Motion to Dismiss for Lack of Jurisdiction

# Table of Contents

I. Introduction..................................................................................................................................1

II. Legal Standard.............................................................................................................................2

III. Argument....................................................................................................................................3

   A. AT&T Acted in Blatant Defiance of the Rules of Court, this Court's Discovery Order, and should be Sanctioned.......................................................................................................................3

      i. AT&T's Notice of Withdrawal is Ineffective and Should be Disregarded...............................3

      ii. AT&T's 12(b)(6) Motion to Dismiss is Irrelevant to Jurisdiction Motion..............................4

      iii. AT&T Should be Sanctioned for Their Costly Litigation Tactics.........................................5

   B. AT&T, Inc. is Subject to the Jurisdiction of this Court...............................................................7

      i. The Evidence Before the Court Supports a Finding that AT&T, Inc. is Subject to its Jurisdiction......................................................................................................................................7

      ii. This Court May Draw an Adverse Inference From AT&T's Blatant Defiance of the Rules of Court and the Court's Order...........................................................................................................8

IV. Conclusion..................................................................................................................................8

| Case No.: C 11-00541 CRB | | Plaintiffs' Supp. Brief in Opp. To AT&T Inc.'s Motion to Dismiss for Lack of Jurisdiction |
|---|---|---|

# Table of Authorities

**Federal Cases**

*American Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert*,
    94 F.3d 586 (9th Cir. 1996)...........................................................................................5

*Bauman v. DaimlerChrysler Corp., 644 F.3d 909 (9th Cir. 2011)*......................................*2, 8*

*Fausto v. Credigy Services Corp.*, 598 F. Supp. 2d 1049 (N.D. Cal. 2009)...........................6

*Hancock v. American Telephone and Telegraph Co.*,
    2011 WL 3628885 (W.D. Okla. Aug. 11, 2011)...........................................................4

*Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982).....8

*Robinson v. Delgado,* (N.D. Cal., Aug. 31, 2010, CV 02-1538 NJV) 2010 WL 3448558....*3*

*Unocal Corp. v. Total, S.A*, 248 F.3d at 928 (9th Cir. 2001).................................................8

**State Cases**

Bilbrey v. Cingular Wireless, L.L.C., 164 P.3d 131, 136 (Okla. 2007)..................................5

**Local Rules**

Local Civil Rule 7-7..............................................................................................................3

**Federal Rules**

FRCP 37...............................................................................................................................2

## I. Introduction

Defendants have violated the rules and explicit order of this Honorable Court. On March 21, 2011 defendant AT&T Inc. filed a Motion to Dismiss for Lack of Jurisdiction. *See*, Doc. No. 13. On July 12, 2011, AT&T, Inc. renewed its motion in response to Plaintiffs' First Amended Complaint. *See*, Doc. No. 36 ("Jurisdiction Motion"). The sole evidence submitted in support of the Jurisdiction Motion was the Declaration of Steven Threlkeld, who performs work for AT&T Inc. but who claims that he is not an employee of AT&T, Inc. *See*, Doc. No. 36-1 ("Threlkeld Decl.") ¶ 2. The parties fully briefed the Jurisdiction Motion – Plaintiffs' response was filed on August 18, 2011 (Doc. No. 42) and Defendants' reply was filed on September 6, 2011 (Doc. No. 47). On October 21, 2011, a hearing was held on the matter and this Honorable Court ordered that Plaintiffs receive 60 days of jurisdictional discovery, after which Plaintiffs were instructed to submit this supplemental brief as to whether they continued to assert that the Court has personal jurisdiction over AT&T, Inc. *See*, Doc. No. 64. ("Discovery Order").

Defendants have inexcusably refused to comply with the Court's Discovery Order by refusing to produce evidence covered under the order. Pursuant to this Court's Discovery Order, on October 26, 2011, Plaintiffs served upon Defendants their First Set of Requests for Production. *See*, Attached Declaration of Lenza H. McElrath ("McElrath Decl.") ¶ 2. For weeks Defendants actively led Plaintiffs to believe they would be producing documents. *See*, Id.¶ 2-7. But at the last possible moment Defendants revealed that they would in fact not be producing documents and would be attempting to withdraw their Jurisdiction Motion. *See*, Id.¶ 8. Defendants then filed a Notice of Withdrawal of the Jurisdiction Motion which, in a confusing an convoluted manner, purports to withdraw its Jurisdiction Motion, while still continuing to assert that this Court posses no jurisdiction over it. *See*, Doc. No. 72 ("Notice of Withdrawal"). This notice is a transparent attempt to circumvent and second-guess the Court's Discovery Order. It has no basis in the rules of this Court and should be disregarded as a flagrant act of defiance of the Court's authority and order. Given the time and expense Plaintiffs and the Court have expended on the Jurisdiction Motion, it would be unconscionable to allow AT&T to unilaterally withdraw its misguided

| Case No.: C 11-00541 CRB | - 1 - | Plaintiffs' Supp. Brief in Opp. To AT&T Inc.'s Motion to Dismiss for Lack of Jurisdiction |

1  Jurisdiction Motion in a matter that is inconsistent with the rules of the Court an without leave of this
2  Court.
3        Plaintiffs request that this Court deny AT&T's Jurisdiction Motion based on the current record, or
4  in the alternative renew its Order that Defendants produce documents related to jurisdiction. If the Court
5  elects to consider and accept AT&T's untimely Notice of Withdrawal, it should issue an order precluding
6  AT&T from raising the jurisdiction issue again. In either case, because of the undue burden AT&T has
7  placed on Plaintiffs, AT&T should be sanctioned for their conduct in litigating this matter.

## II. Legal Standard

9        This Court may exercise personal jurisdiction over AT&T, Inc. as long as it does not violate
10 constitutional principles of due process. *Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909, 919 (9th Cir.
11 2011). A court may exercise either general or specific jurisdiction over a nonresident defendant. *Id.*
12 Specific jurisdiction applies when a "defendant's contacts with the forum give rise to the cause of action
13 before the court." *Id*. General jurisdiction applies where a defendant's activities in the forum are
14 "'substantial', or 'continuous and systematic,' even if the cause of action is unrelated to those activities."
15 *Id* at 920. A court may exercise general jurisdiction over a parent, like AT&T Inc., when it holds a
16 subsidiary that is subject to general jurisdiction, like AT&T Mobility, and the services provided by the
17 subsidiary are "sufficiently important to [the parent] that, if [the subsidiary] went out of business, [the
18 parent] would continue [the subsidiaries business itself, or through a new representative.]" *Id*.
19       Federal Rule of Civil Procedure 37(b) provides that a district court, as a sanction for failure to
20 comply with discovery orders, may enter an order "directing that the matters embraced in the order or
21 other designated facts be taken as established for purposes of the action, as the prevailing party claims."
22 It also instructs that "the court must order the disobedient party, the attorney advising that party, or both
23 to pay the reasonable expenses, including attorney's fees, caused by the failure" to obey an order to
24 provide or permit discovery. FRCP 37(b)(2)(A).

| Case No.: C 11-00541 CRB | - 2 - | Plaintiffs' Supp. Brief in Opp. To AT&T Inc.'s Motion to Dismiss for Lack of Jurisdiction |
|---|---|---|

### III.  Argument

#### A. AT&T Acted in Blatant Defiance of the Rules of Court, this Court's Discovery Order, and should be Sanctioned

##### i.  AT&T's Notice of Withdrawal is Ineffective and Should be Disregarded

This Court issued its Discovery Order on October 21, 2011 (Doc. No. 64). After weeks of causing Plaintiffs to believe that they would comply with the Order, Defendants sole justification for refusing to comply with the Order is a purported Notice of Withdraw (Doc. No. 72) filed on November 30, 2011. This notice is in violation of the Rules of the Court and should be ignored. Make no mistake: AT&T's "notice" to the Court is an outrageous and surreptitious attempt by AT&T to tell the Court how to conduct its business. The defendants had a full opportunity to brief the Court on jurisdiction issue, and to be heard during a hearing on the issue. This Court issued its Discovery Order after due consideration of all the circumstances and issues, including the outstanding motion to compel arbitration and the cost and expense of jurisdictional discovery.

Defendants now seek to unilaterally undue this Court's order by purporting to withdraw their motion with a mere notice to the court.  Tellingly, their notice cites no court rule or other authority allowing them to withdraw the motion. This is because the notice is contrary to the rules. Local Civil Rule 7-7(e) specifically states that "[w]ithin 7 days after service of an opposition, the moving party may file and serve a notice of withdrawal of the motion." The 7 day window represents the "final...date on which a notice of withdrawal may be filed." *Robinson v. Delgado,* (N.D. Cal., Aug. 31, 2010, CV 02-1538 NJV) 2010 WL 3448558.  AT&T filed their untimely notice of withdrawal more than 100 days after service of Plaintiffs' opposition. Because the Notice of Withdrawal was egregiously untimely, the Motion remains before the Court, and Plaintiffs remain entitled to discovery as ordered, until such time as this Court orders otherwise.

At any point after this Court issued its Discovery Order, AT&T was free to file a motion requesting that the Court allow it to withdraw its Jurisdiction Motion, and relieve it of its discovery obligations. They did not do so. Instead they chose to use the Court's order as an opportunity to waste the Plaintiffs time and resources. For weeks after the Court issued its Discovery Order AT&T feigned that

1  discovery was forthcoming. The parties held weekly conferences discussing Plaintiffs' discovery
2  requests, the manner in which documents would be delivered, and protective orders for production.
3  McElrath Decl ¶ 3-7. Then, without warning and at the 11th hour, when Plaintiffs had every expectation
4  that documents would be forthcoming, AT&T announced their intent to willfully disregard and disobey
5  the Court's Discovery Order and produce no documents. They then filed their Notice of Withdrawal
6  instructing this Court to ignore first decide the arbitration issue. However, the Court's Discovery Order
7  *explicitly* states that the arbitration motion would be decided *after* jurisdictional discovery is complete.
8  Citations to other courts that have taking a different approach does not relieve Defendants of their
9  obligation to complete with this Court's order, which Defendants never sought to modify.

10           **ii.  AT&T's 12(b)(6) Motion to Dismiss is Irrelevant to Jurisdiction Motion**

11           Defendants claim that their late action is somehow related to the fact that "a user of the account
12  on which Tran obtains wireless service from ATTM recently accepted ATTM's terms of service" and
13  "now all of the plaintiffs' disputed must be resolved in arbitration" Notice of Withdrawal at 2:16-3:3.
14  This rationale is disingenuous for several reasons.
15           First, and most importantly, whether or not is subject to arbitration had nothing to do with AT&T,
16  Inc.'s pursuit of the Jurisdiction Motion. AT&T, Inc. filed and pursued a motion to dismiss for lack of
17  personal jurisdiction in the very case they cite in their Notice of Withdrawal. In that case they filed no
18  12(b)(6) motion to dismiss, and claimed all plaintiffs were bound by an arbitration agreement from the
19  start. See, *Hancock v. American Telephone and Telegraph Co.*, 2011 WL 3628885 (W.D. Okla.
20  Aug. 11, 2011). Indeed, jurisdiction was the very first topic discussed between the parties when in-house
21  counsel for AT&T Mobility offered to waive service of the complaint in exchange for agreement to
22  dismiss AT&T Inc. *See*, McElrath Decl ¶ 11. In its reply brief on the Jurisdiction Motion AT&T revealed
23  that they routinely oppose jurisdiction in consumer lawsuits related to AT&T Mobility's operations. *See*,
24  Doc. No. 46 at 14:1-13. AT&T's attempt to portray a newly discovered requirement that Tran arbitrate as
25  the deciding factor to withdraw the Jurisdiction Motion is a transparent attempt to mislead this Court.
26

| Case No.: C 11-00541 CRB | - 4 - | Plaintiffs' Supp. Brief in Opp. To AT&T Inc.'s Motion to Dismiss for Lack of Jurisdiction |
|---|---|---|

1  Second, AT&T's arbitration agreement cannot apply retroactively to claims already pending
2 before this Court, so a newly signed agreement would have no affect on Tran's ability to litigate his
3 claims in this forum. *See*, *e.g.*, *Bilbrey v. Cingular Wireless*, L.L.C., 164 P.3d 131, 136 (Okla. 2007)
4 (holding that it would be unconscionable to retroactively apply an arbitration agreement that mandated a
5 class waiver to a class action lawsuit that was pending when the agreement was signed.)

6  Finally, AT&T claims that *every* wireless customer is bound by their agreement to arbitration.
7 *See, e.g.,* Doc. No. 38-1 ("Menendez Decl.") ¶ 3 ("In order to purchase a wireless phone at an ATTM
8 company-owned retail store and obtain ATTM wireless service, a customer must confirm that he or she
9 accepts ATTM's service agreement"). AT&T has not provided Plaintiffs or this Court and explanation as
10 to why any new terms of service would be materially different from the terms of service they now purport
11 to compel arbitration under.  In fact, AT&T has not provided Plaintiffs with Tran's original agreement or
12 any of his subsequent agreements despite multiple requests from Plaintiffs. *See*, McElrath Decl. ¶ 9-10.
13 These missing and withheld agreements call into question AT&T's processes and record keeping, and
14 point squarely to the necessity of Plaintiffs being able to conduct discovery into the formation of any
15 purported arbitration agreements.

16  **iii. AT&T Should be Sanctioned for Their Costly Litigation Tactics**

17  AT&T caused Plaintiffs unnecessary time and expense in litigating the jurisdiction issue without
18 the intent to provide evidence necessary to support its motion, and then by violating the Court's
19 Discovery Order.  AT&T knows that it could not prevail on their Jurisdiction Motion without providing
20 any discovery. Plaintiffs were only required to make a prima facia showing that this court possessed
21 jurisdiction over AT&T, Inc. to be allowed discovery into the matter. *See*, *American Telephone &*
22 *Telegraph Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). Withdrawing the
23 motion because Defendants were required to produce supporting evidence shows that they did not have a
24 meritorious basis for the motion in the first instance.

25  Further, if it desired to withdraw the Jurisdiction Motion because of the burdens of discovery,
26 they could have done so much sooner and saved Plaintiffs tremendous time and expense.  Instead

| Case No.: C 11-00541 CRB | - 5 - | Plaintiffs' Supp. Brief in Opp. To AT&T Inc.'s Motion to Dismiss for Lack of Jurisdiction |
|---|---|---|

1   Defendants allowed Plaintiffs to spend considerable time and expense propounding and pursing

2   discovery. These efforts included reviewing and drafting pleadings, research, drafting discovery requests,

3   and meeting and conferring with Plaintiffs counsel numerous times regarding the requests. McElrath

4   Decl. ¶ 3-7. During several conferences with Plaintiffs, Defendants represented that production was

5   forthcoming, even going so far as to have Plaintiffs review a protective order. *Id.* ¶ 4-7. Scheduling of

6   depositions was discussed and planed, and Defendants even produced some public documents at

7   Plaintiffs' insistence that discovery proceed expeditiously. *Id.* ¶ 6-7. It was not until the last day allowed

8   for objections under the rules that Defendants notified Plaintiffs that they would be attempting to

9   withdraw the Jurisdiction Motion and producing no further documents. *Id.* ¶ 8. Defendants then

10  proceeded to file their untimely and ineffective Notice of Withdrawal.

11      Defendants costly tactics are revealed in their other motion practice as well. Defendants now

12  claim that it will not re-file their 12(b)(6) motion to dismiss the complaint as to plaintiff Tran ("12(b)(6)

13  Motion"). *See*, Notice of Withdrawal at 2:21-23. The complex 12(b)(6) Motion was filed with no prior

14  warning to Plaintiffs. McElrath Decl. ¶ 12. AT&T refused to consent to extend Plaintiffs' time to reply to

15  the 12(b)(6) Motion, and this Court denied Plaintiffs request to change time to respond to the motion.

16  *See*, McElrath Decl. ¶ 12; Doc. No. 22 ("Plaintiffs Motion to Change Time of Motions Calendared for

17  May 6, 2011") at 4:10-14; Doc. No. 23 ("Order Denying Motion to Vacate Hearing Date"). AT&T used

18  the motion as leverage to obtain Plaintiffs' agreement to stay the entire case. McElrath Decl. ¶ 12; Doc.

19  No. 26 ("Stipulation to Stay All Proceedings"). Now that the 12(b)(6) motion has served its intended

20  purpose of harassment, Defendants have miraculously discovered that it was not necessary. In sum,

21  AT&T will not pursue 2 of the 3 motions filed in response to Plaintiffs' Complaint. Where a party files

22  numerous motion as a strategy for inundating Plaintiffs with motions they should be subject to sanctions.

23  *See, Fausto v. Credigy Services Corp.*, 598 F. Supp. 2d 1049, 1058 (N.D. Cal. 2009) (inviting Plaintiffs

24  to file for sanctions when a defendant unilaterally withdrew 4 of 9 motions for summary judgment).

25

26

| Case No.: C 11-00541 CRB | - 6 - | Plaintiffs' Supp. Brief in Opp. To AT&T Inc.'s Motion to Dismiss for Lack of Jurisdiction |
|---|---|---|

**B. AT&T, Inc. is Subject to the Jurisdiction of this Court**

Despite attempting to withdraw its motion, AT&T Inc. maintains that this courts does not possess jurisdiction over it. The second sentence of their Notice of Withdrawal states that "AT&T Inc. does not concede that this Court possesses personal jurisdiction over it." Motion to Withdraw at 1:3. In a phone call AT&T's counsel would not even concede that AT&T, Inc. was waiving any jurisdictional argument for the purposes of this litigation. *See*, McElrath Decl. ¶ 10. Plaintiffs deserve to have finality on this issue. For the reasons discussed fully in Plaintiffs opposition to the Jurisdiction Motion (Doc. No. 42), and additionally for the reasons discussed below, the Court should deny AT&T Inc.'s motion on its merits.

   **i. The Evidence Before the Court Supports a Finding that AT&T, Inc. is Subject to its Jurisdiction**

From the existing briefing, and AT&T's own evidence, this Court can conclude that AT&T, Inc. is subject to the jurisdiction of the court. The evidence shows:

- AT&T, Inc. is the owner of the ATT.COM domain which conducts transactions with individuals in the state of California. *See*, Bennett Decl. (Doc 46-1) ¶ 4.
- AT&T, Inc. has close ties with its subsidiaries. Employees of subsidiaries perform services for AT&T, Inc. For example:
    - Mr. Threlkeld (who is employed by AT&T Services, Inc.) serves as the Controller of AT&T, Inc. *See*, Threlkeld Decl. (Doc. No. 36-1) ¶ 2.
    - Kathy Rehmer (also employed by AT&T Services, Inc.) provides regulatory compliance work for AT&T, Inc. *See*, Rehmer Decl. (Doc. No. 43-3) ¶ 1, 4.
    - In-house counsel for AT&T Mobility also represents AT&T, Inc. and uses an email address on the ATT.COM domain. *See*, McElrath Decl ¶ 11.
- AT&T, Inc. would be seek to be in the wireless phone business even if is did not hold AT&T Mobility. While AT&T claims that AT&T, Inc. is merely a holding company, the law is

clear that jurisdiction can be imputed to a parent where the subsidiary "performs services that are sufficiently important to the [parent] that if it did not have a representative to perform them, the corporation's own officials would undertake to perform substantially similar services." *Unocal Corp.*, 248 F.3d at 928. This is satisfied by showing that AT&T Mobility is "sufficiently important to [AT&T, Inc.] that, if [AT&T Mobility] went out of business, [AT&T, Inc.] would continue [AT&T Mobility's business itself, or through a new representative]". *Bauman*, 644 F.3d at 919. AT&T readily admits that this is the case. *See*, 9/6/2011 Threlkeld Decl. (Doc No. 46-4) ¶ 8 ("If ATTM were not available to provide and sell wireless services and products, the AT&T Inc. would have to hold another subsidiary to be able to do so").

Thus, the current record before this Court supports a holding that AT&T, Inc. is subject to the jurisdiction of the Court.

### ii. This Court May Draw an Adverse Inference From AT&T's Blatant Defiance of the Rules of Court and the Court's Order

The Supreme Court has held that when a party refuses to comply with a court's order to produce jurisdictional evidence, the court may deem that refusal to be a waiver of the right to contest that point and assume that the proof would show the party was subject to jurisdiction. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982). Because of the manner that AT&T refused to comply with this Court's Discovery Order, this Court may use their refusal to find that it has jurisdiction over AT&T, Inc.

### IV.  Conclusion

It is clear that AT&T is attempting to withdraw its Jurisdiction Motion only because they see that they are unlikely to prevail. They seek to avoid an adverse ruling while still explicitly stating that they do "not concede that this Court possesses personal jurisdiction over it." Notice of Withdrawal at 1:3. Because the Notice of Withdrawal has no basis in the rules it should be disregarded, and the court should deny AT&T's motion on the merits based on the current record. In additional, because AT&T has disobeyed the clear order of this Court with respect to jurisdictional discovery, the court may use this to

1  establish an adverse inference and denying the Jurisdiction Motion. In the alternative, Plaintiffs request
2  this Court grant Plaintiffs an additional 60 days of jurisdictional discovery. If the Court does consider the
3  untimely Notice of Withdrawal and allow AT&T, Inc. to withdraw its Jurisdiction Motion, it should
4  require them to explicitly waive any jurisdictional arguments in this matter.

5      In any case, AT&T's litigation tactics, and violation of this Court's Discovery Order, have
6  imposed an undue burdened on the Court and Plaintiffs.  Plaintiffs request leave of the court to apply for
7  appropriate monetary sanctions.

          /s/ Lenza H. McElrath III

Dated: 12/22/2011

Lenza H. McElrath III
3637 18th St. #2
San Francisco, CA 94110
Tel: 216.920.1997
Fax: 510.550.7820

Attorney for Plaintiffs

| Case No.: C 11-00541 CRB | - 9 - | Plaintiffs' Supp. Brief in Opp. To AT&T Inc.'s Motion to Dismiss for Lack of Jurisdiction |
|---|---|---|