IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDRICK M. BLAU, et al., | No. C 11-00541 CRB |
| Plaintiffs, | **ORDER VACATING HEARING AND GRANTING MOTION TO COMPEL ARBITRATION** |
| v. | |
| AT&T MOBILITY, et al., | |
| Defendants. / | |

Defendants AT&T Mobility LLC and AT&T Inc. have filed a Motion to Compel Arbitration of Plaintiff Anthony P. Tran's claims, and to stay the action pending arbitration. See Mot. (dkt. 81). The Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and VACATES the hearing on calendar for February 24, 2012.

Tran is one of several AT&T phone users who brought suit against Defendants based on allegations that they received poor quality service over AT&T Mobility's ("ATTM's") cellular network. See generally FAC (dkt. 34). Defendants moved to compel arbitration as to all of Tran's co-plaintiffs, and, in so moving, noted that they were not moving to compel arbitration as to Tran at that time. See First Mot. (dkt. 35) at 1 n.1; Amended Mot. (dkt. 38) at 1 n.1. In their motion to dismiss Tran's claims, which Defendants filed on the same day as their motion to compel as to Tran's co-plaintiffs, Defendants stated that they "reserve[d] the

right to move to compel arbitration of Tran's claims at a future date if he is later found to have an arbitration agreement." See MTD (dkt. 37) at 3 n.3.

On October 28, 2011, the Court granted in part Defendants' motion to dismiss Tran's claims. See Order re MTD (dkt. 70). Tran filed an amended complaint on December 22, 2011. See SAC (dkt. 76). On January 3, 2012, the Court granted Defendants' motion to compel arbitration as to Tran's co-plaintiffs. See Order Compelling Arb. (dkt. **77)**. The Court described the "liberal federal policy favoring arbitration agreements," and then considered and rejected each of Tran's co-plaintiffs' objections to compelling arbitration in this case.[1] See id. at 3 (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co., 460 U.S. 1, 24-25 (1983)).

Defendants now move to compel arbitration as to Tran's claims, asserting that "on October 7, 2011 and October 8, 2011, an authorized user on [the ATTM account that Tran uses] twice accepted ATTM's terms of service in the course of renewing service contracts on two wireless phone lines associated on the account." Mot. at 2 (citing Plourde Decl. ¶ 4 & Exs. 1-2). The user was required to accept the terms of service on ATTM's web site by clicking a check box labeled "I have read and agree to the Service Agreement under the terms and conditions listed above." Id. The check box was below a scrolling text box displaying ATTM's terms of service, which require "all authorized or unauthorized users or beneficiaries of services" to "arbitrate all disputes and claims between us" on an individual basis, including "claims that arose before this . . . Agreement" and "claims that are currently the subject of a purported class action litigation in which you are not a member of a certified class." Id. (citing Lutner Decl. ¶¶ 3-4 & Ex. 1, Ex. 2 at 6-7). It is on the basis of this agreement that Defendants now move to compel arbitration. See generally Mot.

Tran does not dispute Defendants' account of the facts, but nonetheless opposes Defendants' Motion. He argues both that Defendants waived their right to arbitrate because

---

[1] Such objections included assertions that: (1) the arbitration agreement did not apply to AT&T Inc.; (2) plaintiffs did not agree to arbitrate their disputes; (3) the arbitration agreement at issue violates California and federal law; and (4) the arbitration agreement at issue cannot be enforced because it eliminates any meaningful relief on plaintiffs' individual claims. See generally id.

2

they "long knew of their existing right to arbitrate Tran's claims but chose to engage in extensive and costly litigation of Tran's claims on their merits," see Opp'n (dkt. 82) at 2-3, and that the arbitration agreement does not apply to AT&T Inc., see id. at 5-8.[2]  The Court has already rejected Tran's second argument in connection with the Order Compelling Arbitration as to his co-plaintiffs, see Order Compelling Arb. at 4-5, and will not revisit that decision here.  The Court also now rejects Tran's first argument, that Defendants waived their right to arbitrate.

"[A] party arguing waiver of an arbitration provision bears a heavy burden of proof, since waiver is not favored and any examination of whether the right to compel arbitration has been waived must be conducted in light of the strong federal policy favoring enforcement of arbitration agreements."  Samson v. NAMA Holdings, LLC, 637 F.3d 915, 934 (9th Cir. 2011) (citing Fisher v. A.G. Becker Paribas Inc., 791 F.2d 691, 694 (9th Cir. 1986) (internal quotation marks omitted)).  To establish waiver, Tran must demonstrate "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration from such inconsistent acts."  Id.  He has not demonstrated any of the three elements.

First, Defendants did not have knowledge of an existing right to compel arbitration, because they did not have evidence of an agreement between Tran and Defendants until Tran accepted ATTM's terms of service in the course of renewing service contracts on October 7, 2011 and October 8, 2011.  This case is thus distinguishable from Van Ness Townhouses v. Mar Indus. Corp., 862 F.2d 754, 758-59 (9th Cir. 1988), in which there was no issue of whether the defendant could prove the existence of an arbitration agreement (defendant there argued that it had believed that an SEC rule prevented it from arbitrating).

Second, Tran's claims that Defendants acted inconsistently with that existing right by deliberately "wait[ing] over a year since the inception of this litigation" to seek arbitration and making a "conscious decision to continue to seek judicial judgment on the merits of the

---

[2] In a footnote, Tran notes that he also asserts "all of the generally applicable defenses previously asserted by his co-Plaintiffs."  Id. at 1 n.1.  The Court rejects these arguments for the same reasons stated in the Order Compelling Arbitration as to Tran's co-plaintiffs.

3

arbitrable claims," Opp'n at 3 (citing Van Ness Townhouses, 862 F.2d at 759), are simply inconsistent with the record. Defendants were clear from the outset that they might move to compel arbitration as to Tran "if he is later found to have an arbitration agreement." See First Mot. at 1 n.1; Amended Mot. at 1 n.1; MTD at 3 n.3. It is also inconsistent with common sense that Defendants knew they could move to compel arbitration but instead chose to pursue a thorny and complicated motion to dismiss. Moreover, "it is well-established that a party does not waive its right to arbitrate merely by filing a motion to dismiss." Sharif v. Wellness Int'l Network, Ltd., 376 F.3d 720, 726 (7th Cir. 2004); see also In re TFT-LCD (Flat Panel) Antitrust Litig., No. M 07-1827, C 11-58, 2011 WL 4017961, at *5 (N.D. Cal. Sept. 9, 2011) ("Nor is the fact that defendants filed motions to dismiss inconsistent with their right to arbitrate.").

Third, although Tran participated in this litigation for "nearly a year" before Defendants moved to arbitrate, see Opp'n at 4, the Court concludes that he has not been prejudiced by the delay. See Brown v. Dillard's, Inc., 430 F.3d 1004, 1012 (9th Cir. 2005) ("Unsurprisingly, courts are reluctant to find prejudice to the plaintiff who has chosen to litigate, simply because the defendant litigated briefly (e.g., by filing a motion to dismiss or requesting limited discovery) before moving to compel arbitration)."); United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 765 (9th Cir. 2002) (having "incurred substantial costs" litigating matter in state and federal court was nonetheless insufficient to demonstrate prejudice where case "never got past the pleading stage.").

Accordingly, for the foregoing reasons, the Court GRANTS Defendants' Motion to Compel.

**IT IS SO ORDERED.**

Dated: February 21, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE